# In the United States Court of Federal Claims

No. 21-852C
(Filed: February 8, 2021)
**NOT FOR PUBLICATION**

```
***************************************
JOSEPH M. ANGELO, JR.,                *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
***************************************
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph M. Angelo, Jr., proceeding pro se, has sued several Ohio state agencies and officials. *See* Complaint at 2 (ECF 1).[1] He alleges that the named agencies and individuals have violated his federal constitutional rights in connection with an ongoing child custody dispute. *Id.* Because this Court lacks jurisdiction to consider his claims, I must dismiss.

The United States Court of Federal Claims is a specialized court with limited jurisdiction to hear certain lawsuits against the United States. *See*, *e.g.*, 28 U.S.C. § 1491(a)(1); *see generally Black's Law Dictionary* (11th ed. 2019) (defining "jurisdiction" as a court's "power to decide a case"). Perhaps confusingly for pro se litigants, it does not hear "federal claims" generally. This Court can only hear lawsuits within its jurisdiction. It cannot hear other kinds of lawsuits.

Those limitations prevent the Court from hearing Mr. Angelo's suit. "[T]he *only* proper defendant for any matter before this court is the United States," *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003), and claims against other defendants "must be dismissed," *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he court lacks jurisdiction over … claims against states, localities, state and local government officials, state courts, state prisons, or state employees."). In particular, this Court lacks jurisdiction over lawsuits alleging federal civil rights violations caused by administration of state law. *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir.

---

[1] The caption has been updated "to conform … to the Rules of the United States Court of Federal Claims, which make clear that in this court only the United States can be named as the party defendant." *See* Notice of Non-ECF Case (ECF 6) (citing RCFC 4(a), 10(a)).

- 2 -

2019); *compare* 28 U.S.C. § 1343 (establishing jurisdiction over civil rights suits brought in federal district courts). Because all of Mr. Angelo's claims appear to involve alleged violations of his federal rights by state entities, this Court has no authority to hear them.

The United States has not yet moved to dismiss. This Court, however, "has an independent duty to dismiss a complaint if and when it determines that it lacks subject matter jurisdiction." *McNaughton v. United States*, 118 Fed. Cl. 274, 281 (2014); *accord Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Mr. Angelo's pro se Complaint — which I have reviewed — must meet "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it still must meet this Court's mandatory jurisdictional requirements, *Harris v. United States*, 113 Fed. Cl. 290, 292 (2013); *accord Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

The Court therefore shall **DISMISS** Mr. Angelo's Complaint, without prejudice, for lack of subject matter jurisdiction. Mr. Angelo's motion to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Mr. Angelo's motion for media evidence instructions (ECF 3) is **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge